# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2016

*The Court of Appeals hereby passes the following order:*

## A17A0169.  HANS G. REID v. WASTE INDUSTRIES USA, LLC et al.

Plaintiff Hans G. Reid appeals the trial court's orders denying his motion for sanctions and granting the defendants' motions for summary judgment on his claims for malicious prosecution and other torts.[1] For the reasons discussed below, Reid's appeal is hereby REMANDED to the trial court to determine whether the complete trial transcript and exhibits from Reid's prior criminal case should be included in the appellate record.

Central to Reid's malicious prosecution and other tort claims and to the issues raised by the parties in the present appeal are the prior criminal proceedings initiated against Reid in Douglas County that culminated in his acquittal following a jury trial in September 2013.[2] See *State of Georgia v. Hans Gerald Reid*, Douglas County Case No. 12CR00937. See also OCGA § 51-7-45 (authorizing admission of evidence from prior criminal prosecution in civil case for malicious prosecution). The same trial judge who presided over Reid's criminal trial presides over his malicious prosecution case.

The appellate record in the present malicious prosecution case does not include a complete, certified copy of the transcript of Reid's prior criminal trial or of the

---

[1] The defendants are Waste Industries USA, Inc., Waste Industries, LLC, Waste Industries Atlanta, LLC, Winn A. Bearden, Tony J. Gouldthorp, Michael J. Harrington, and Carlos Pichardo.

[2] Additionally, several charges against Reid were nolle prossed before the criminal trial.

criminal trial exhibits, including an audio recording of the central encounter between Reid and several of the defendants that led to the criminal charges. Instead, the appellate record contains scattered excerpts from Reid's criminal trial transcript that were attached to the parties' briefs supporting or opposing summary judgment filed in the trial court.

However, in their briefs filed in the trial court, the parties cite to portions of Reid's criminal trial transcript that were not included in the excerpts attached to their briefs, quote statements allegedly made in the audio recording, and refer to the transcript of Reid's criminal trial as being "part of the record here." Subsequently, in granting summary judgment to the defendants, the trial court noted that its ruling was "[b]ased upon the numerous transcripts, affidavits and documents provided by the parties," but also stated that it would "take[] judicial notice of its own records" from the criminal proceedings. Additionally, now on appeal from the trial court's rulings, the defendants note in their appellees' brief that portions of the criminal trial transcript cannot be located in the appellate record, and Reid states in his reply brief that his "criminal trial transcript appears to be missing from the record but the [trial court] took judicial notice of it."

Questions regarding the correctness and proper inclusion of materials in the record must be resolved in the trial court under OCGA § 5-6-41 (f). Based on the current state of the record, it is unclear whether the trial court had before it the complete trial transcript and exhibits to Reid's criminal trial when it rendered its summary judgment rulings or instead limited its consideration to the excerpts of the trial transcript attached to the parties' briefs filed in support of or in opposition to summary judgment. Consequently, this appeal is hereby REMANDED to the Superior Court of Douglas County, pursuant to OCGA § 5-6-41 (f), for the trial court to clarify whether the complete transcript of Reid's prior criminal trial and the exhibits thereto should be included in the appellate record. Upon resolution of this issue by the trial court, the record may then be re-transmitted within 30 days of the trial court's order and the case re-docketed with the Court of Appeals. Upon re-docketing, briefing by the parties should proceed in accordance with Court of Appeals Rule 23.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _12/06/2016_

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ *, Clerk.*